E-FILED
Tuesday, 13 October, 2026 01:45:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-3128 |
| | ) | |
| WEXFORD HEALTH SOURCES INC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff filed this case in the Southern District of Illinois. After screening Plaintiff's complaint, the Southern District dismissed the claims Plaintiff asserted against officials at Menard Correctional Center and transferred his claims against officials at Western Illinois

Correctional Center to this district. (Doc. 15). The Southern District dismissed Defendants Wexford Health Sources, Inc., Wills, Crane, and Dearmond. *Id.*

Plaintiff alleges that he experienced severe back and wrist pain while housed at Menard for which medical staff ordered physical therapy and an MRI. Plaintiff alleges that hospital staff performed an MRI despite a bullet that remained in his back. Plaintiff alleges that his back and wrist pain increased in severity and frequency thereafter, eventually rendering him unable to walk.

Plaintiff alleges that he transferred to Western Illinois in February 2025, where he was taken to the hospital for diagnostic testing at least twice. He alleges that non-defendant medical staff prescribed medication to address his pain in the interim. Plaintiff alleges that Defendant Law canceled his medical furlough for a consultation regarding his back and wrist pain after she accused him of malingering. Plaintiff alleges that Defendant Charters lied by saying that he had refused care. Plaintiff alleges this resulted in a delay in receiving treatment and continued pain.

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Law and Charters in their individual capacities. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff does not state a claim against Defendant Greene. No plausible inferences arises that she was responsible for his medical care, and Plaintiff cannot prevail against her just because she was in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Court will dismiss her accordingly.

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Law and Charters in their individual capacities. Any additional claims shall not be included in the case, except at the court's**

**discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11. The clerk is directed to terminate Brittany Greene as a defendant.**

**12. The clerk is directed to attempt service on Mandi Law and Charters pursuant to the standard procedures.**

Entered this 13th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE